UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| HERBERT JOHNSON, | No. 2:16-cv-2492 JAM DB P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| ROBERT W. FOX, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Before the court are plaintiff's motion to proceed in forma pauperis, the screening of plaintiff's complaint, and numerous other motions filed by plaintiff. Each is addressed below.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

1  forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments
2  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
4  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §
5  1915(b)(2).

**SCREENING**

7  **I.      Legal Standards**

8  The court is required to screen complaints brought by prisoners seeking relief against a
9  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
10 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
11 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
12 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

13 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
15 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
16 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
17 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
18 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
19 Cir. 1989); Franklin, 745 F.2d at 1227.

20 A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
21 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
22 support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
23 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
24 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
25 this standard, the court must accept as true the allegations of the complaint in question, Hosp.
26 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
27 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
28 McKeithen, 395 U.S. 411, 421 (1969).

## II. Allegations in Plaintiff's First Amended Complaint

Plaintiff, who is incarcerated at the California Medical Facility ("CMF"), filed a first amended complaint on October 31, 2016. (ECF No. 8.) Therein, he lists the following defendants: Warden Robert W. Fox, Officer A. Powell, Counselor C.C.I. K. Berlin, Dr. B. Haile, "Ms. Vicki, Medical Records," Librarian McAtee, Nathan Turner, Joseph Bruner, and several unnamed defendants.

In his first claim, plaintiff identifies the issues as "threat to safety." Plaintiff states that on August 18, 2016, defendant Officer Powell was not at her assigned station at 3:30 yard call. Plaintiff rang the H-Wing bell. Officer Powell was handing out mail and told plaintiff and two other inmates that they had missed the unlock, but could get a shower or go to the day room. Plaintiff stated that it was a "heat wave day" so he did not want to go into the day room and the shower is not safe because there are no safety strips on the floor. Plaintiff states he was written up. He filed an appeal, including a "22 form" to defendant Berlin, but received no answer. Plaintiff states that his injury was the denial of being permitted to walk around. (Id. at 5.)

In his second claim, plaintiff states that he was written up by defendant Berlin because he refused to take a "compas test.[1]" He contends Berlin is harassing him and "abusing her authority." (Id. at 6.)

In claim three, plaintiff alleges defendant Dr. Haile violated his Eighth Amendment rights by sending him to physical therapy for his chronic knee pain. He also indicates that Dr. Haile was recommending a knee replacement, which plaintiff apparently does not feel is necessary. Plaintiff claims his injury is mental anguish and stress. (Id. at 7.)

## III. Does Plaintiff's First Amended Complaint State Cognizable Claims?

The court finds the allegations in plaintiff's complaint so vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R.

---

[1] According to the CDCR's website, COMPAS is "a research-based, risk and needs assessment tool for criminal justice practitioners to assist them in the placement, supervision, and case management of offenders in community and secure settings." See http://www.cdcr.ca.gov/rehabilitation/docs/FS_COMPAS_Final_4-15-09.pdf .

3

1  Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must
2  give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev.
3  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must identify specifically what each
4  defendant has done, or not done.  In his claims, plaintiff does not make any allegations regarding
5  defendants Fox, Ms. Vicki, McAtee, Turner, Bruner, or the unnamed defendants. Plaintiff must
6  allege with at least some degree of particularity overt acts which the defendants engaged in that
7  support plaintiff's legal claims.  Id.

8  With respect to plaintiff's claims against the remaining defendants, they are also
9  insufficient.

10  **A.  Eighth Amendment Claims**

11  To state a claim under the Eighth Amendment for inhumane conditions of confinement, a
12  prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm
13  to his health or safety.  See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v.
14  Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010).  "Deliberate indifference describes a state of
15  mind more blameworthy than negligence" but is satisfied by something "less than acts or
16  omissions for the very purpose of causing harm or with knowledge that harm will result."
17  Farmer, 511 U.S. at 835.  Plaintiff must demonstrate first that the seriousness of the risk was
18  obvious or provide other circumstantial evidence that defendants were aware of the substantial
19  risk to his health, and second that there was no reasonable justification for exposing him to that
20  risk.  Lemire v. California Dep't of Corrs. and Rehab., 726 F.3d 1062, 1078 (citing Thomas, 611
21  F.3d at 1150).

22  In his first claim, plaintiff appears to be alleging only that Officer Powell denied him access to
23  the yard on one day.  That is not sufficient to state a claim under the Eighth Amendment.
24  Outdoor exercise is a basic human need protected by the Eighth Amendment, and the denial of
25  outdoor exercise may violate the Constitution, depending on the circumstances.  Richardson v.
26  Runnels, 594 F.3d 666 (9th Cir. 2010); Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010).
27  When an inmate alleges the denial of constitutionally adequate outdoor exercise, the inquiry is
28  fact specific.  In determining whether a deprivation of outdoor exercise is sufficiently serious, the

court must consider the circumstances, nature, and duration of the deprivation. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979).

"[T]he Ninth Circuit has not identified a specific minimum amount of weekly exercise that must be afforded" under the Eighth Amendment. Jayne v. Bosenko, No. 2:08-cv-2767 MSB, 2009 WL 4281995, at *8 (E.D. Cal. Nov. 23, 2009) (citation omitted). Indeed, complete denial of outdoor exercise for a month may not be unconstitutional. Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980) (denial of yard time for a month not unconstitutional); May v. Baldwin, 109 F.3d 557, 565–66 (9th Cir. 1997) (denial of yard time for 21 days not unconstitutional). However, for a temporary denial of exercise to be actionable, plaintiff must demonstrate an adverse medical impact. Lopez, 203 F.3d at 1133 n.15.

### B. Harassment

In his second claim, plaintiff appears to be alleging that being forced to take the COMPAS test, and being written up for refusing to do so, amounted to harassment. Plaintiff's contention here does not rise to the level of a constitutional violation for harassment. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Further, plaintiff has not shown he had a right of constitutional magnitude to refuse to take the COMPAS test. Therefore, he also fails to show defendant Berlin's writing him up amounted to retaliation for the exercise of a protected activity. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (to state a claim for retaliation, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

On these facts, it does not appear that plaintiff can state a claim. However, the court will permit him an opportunity to attempt to do so in an amended complaint.

### C. Failure to Exhaust

In plaintiff's third claim, he contends defendant Haile forced him to go to physical therapy. Plaintiff states here that he did not appeal his grievance regarding Haile to the third level because Dr. Brown "is going to give me the (right operation) orthoscopy." (Compl. (ECF No. 8 at 7.) The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be

brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,'—rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88); see also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218). In California, the administrative review process is not complete until a prisoner has appealed his grievance through the third level of appeal. See Cal. Code Regs. tit. 15, § 3084.7.

Plaintiff's complaint shows that he has not exhausted his claim against defendant Haile regarding being required to attend physical therapy on July 11, 2016. Accordingly, plaintiff should not renew this claim if he chooses to amend his complaint.

**D.  Amending the Complaint**

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Furthermore, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

1  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations of
2  official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d
3  266, 268 (9th Cir. 1982).

4      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
5  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
6  complaint be complete in itself without reference to any prior pleading.  This is because, as a
7  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
8  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
9  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
10 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**MISCELLANEOUS MOTIONS**

12     Plaintiff moves to amend his complaint.  (ECF No. 13.)  Plaintiff states that he is being
13 harassed by three inmates and that bullying is a crime.  A suit under § 1983 is only appropriate
14 against defendants acting under color of state law.  See Chudacoff v. Univ. Med. Ctr. of S. Nev.,
15 649 F.3d 1143, 1149–50 (9th Cir. 2011) (setting forth elements of a § 1983 claim and describing
16 instances in which a private actor's conduct constitutes state action); Caviness v. Horizon Cmty.
17 Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) ("The state-action element in § 1983
18 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."
19 (citation and internal quotation marks omitted)); Williams v. Anderson, No. CIV S-11-0431 JAM
20 CMK P, 2011 WL 2610528, at *1 (E.D. Cal. Apr. 22, 2011) (an inmate is not a "state actor" for
21 purposes of § 1983 unless he has conspired with state officials to deprive a plaintiff of his
22 constitutional rights) (citing Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) and Tower v.
23 Glover, 467 U.S. 914, 920 (1984)), findings and recos. adopted, 2011 WL 2610397 (E.D. Cal.
24 July 1, 2011).  Accordingly, plaintiff's motion to amend will be denied.  Plaintiff is further
25 warned that he should not include claims against private actors, such as other inmates, in his
26 amended complaint.

27     Plaintiff also moves for an investigator to help him recover his headphones.  (ECF No.
28 15.)  The court is aware of no authority permitting it to provide plaintiff an investigator.  See

Georgacarakos v. Wiley, No. 07-cv-1712-MSK-MEH, 2009 WL 440934, at *7 (D. Colo. Feb. 23, 2009) (in forma pauperis statute does not provide for the appointment of investigators). Further, to the extent plaintiff wishes to make a due process claim in this court based on the deprivation of his property, he must show the deprivation was intentional and "was carried out pursuant to established state procedures, regulations or statutes." Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985). If the deprivation of his property was not done pursuant to a state procedure, in other words it was unauthorized, then plaintiff cannot state a claim under the Due Process Clause of the Fourteenth Amendment. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff's remedy for an unauthorized deprivation of his property is through a state tort claim under California Government Code §§ 900, et seq.

Plaintiff has filed multiple motions in which he appears to ask for injunctive relief. Plaintiff complains about a disciplinary write-up and asks for the U.S. Marshall's help (ECF No. 2), he moves for return of his headphones (ECF No. 16), he moves to stop harassment in the form of being required to take the COMPAS test (ECF No. 17), and he moves for an order preventing doctors from contacting and harassing him (ECF Nos. 22, 24, 25). Plaintiff is advised that a party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Plaintiff may not seek preliminary injunctive relief until the court finds that his complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court."). As explained above, plaintiff's complaint will be dismissed with leave granted to file an amended complaint. Thus, plaintiff has not demonstrated that he is likely to prevail on the merits of his claims. Moreover, the court has not authorized

service of the complaint upon anyone.  Accordingly, plaintiff's motions for preliminary injunctions will be denied as premature.

Finally, plaintiff filed a document entitled a "motion" in which he complains about his lack of access to envelopes and asks that if the court determines he has "defaulted" his case, the court dismiss the case without prejudice.  (ECF No. 23.)  Plaintiff is advised that if the court finds it appropriate to dismiss his case for lack of prosecution, such a dismissal would be without prejudice to his right to file a new action.  In any event, because plaintiff will be permitted to amend his complaint, his request for dismissal without prejudice is premature and his "motion" will be dismissed.

Plaintiff is warned that he may not file continual motions in this action complaining about various injuries he feels he has suffered.  All of plaintiff's claims must be included in his amended complaint and must conform to the standards set out above.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 20) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6. Plaintiff's motion to amend the complaint (ECF No. 13) is denied;

7. Plaintiff's motion for an investigator (ECF No. 15) is denied;

8. Plaintiff's motions for injunctive relief (ECF Nos. 2, 16, 17, 22, 24, 25) are denied without prejudice;

9. Plaintiff's "motion" requesting any dismissal be without prejudice (ECF No. 23) is dismissed as premature.

Dated: March 1, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/scot0578.14new