UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT JOHNSON,

    Plaintiff,

v.

ROBERT W. FOX,

    Defendant.

No. 2:16-cv-2492 JAM DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's recent filings, which appear to be an attempt to state claims as a second amended complaint. Below, the court screens these new filings and finds that plaintiff has failed to state any claims cognizable under § 1983. The court will provide plaintiff one final opportunity to file an amended complaint.

**BACKGROUND**

Plaintiff filed his original complaint here on October 7, 2016. Shortly thereafter, he filed a first amended complaint and multiple motions for various things, including amending his complaint and for injunctions to stop harassment. In his first amended complaint, plaintiff appeared to be alleging that he was denied yard time by defendants Powell and Berlin, that he was written up for refusing to take a COMPAS test by defendant Berlin, and that defendant Haile violated his Eighth Amendment rights by sending him to physical therapy for his chronic knee

1

pain. (ECF No. 8.)

On screening, the court found plaintiff's complaint vague and that it stated no cognizable claims. The court provided plaintiff the legal standards for alleging an Eighth Amendment claim regarding the conditions of his confinement, informed plaintiff that his allegations regarding the COMPAS test did not amount to a constitutional violation, and advised plaintiff about the requirements for exhausting his administrative remedies before bringing a suit in this court. The court then instructed plaintiff on filing an amended complaint and provided him with a copy of the prisoner complaint form used in this district. (ECF No. 26.)

In May 2017, plaintiff filed a document indicating he wished to close this case. After the undersigned recommended dismissal, plaintiff filed objections from which the court determined he did not, in fact, wish to dismiss this case. In an order filed June 30, 2017, plaintiff was given an additional sixty days to file an amended complaint based on his assertions that he had not had access to his legal property during a period of time that he was in segregated housing. (ECF Nos. 32, 34.) At that time, plaintiff was again provided a copy of the form for prisoner complaints that is used in this district.

On July 28, 2017, plaintiff filed a document entitled simply "Claim for Relief." (ECF No. 35.) On August 1, plaintiff filed a second document entitled "Pleading to Judge." (ECF No. 36.) Because it appears plaintiff is attempting to allege claims in these documents, the court liberally construes these filings as plaintiff's second amended complaint and screens them below.

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Analysis**

    **A.  Allegations of Plaintiff's Filings**

Plaintiff's allegations are not clear. He appears to be again asserting unrelated claims and has added some entirely new claims. As best the court can determine, in his July 28 filing, plaintiff lists a number of things he claims he has been denied, including access to his legal property, yard time, a package, a transfer, and ice when it was very hot outside. (ECF No. 35.) While plaintiff names a few prison officials in this document, he does not connect those officials to the various violations he alleges. In sum, plaintiff does not provide sufficient specificity about his claims to permit this court to determine whether he is attempting to allege any claims that he may pursue in a § 1983 action.

In the August 1 filing, plaintiff first asks for a copy of the in forma pauperis application. (ECF No. 36.) Plaintiff is advised that the court has already granted him in forma pauperis status. He no longer needs to file additional paperwork on that issue. Plaintiff also indicates that he wants help getting out of administrative segregation ("ad seg").

Plaintiff next tells an apparently unrelated story about informing Sergeant Dayrif about his cellmate, Mr. Hardy, but Dayrif failed to take any action and plaintiff was placed back in the cell with Hardy. As a result, on February 7, 2017, Hardy beat plaintiff, who suffered injuries to his knees and head. Plaintiff states that he wants a transfer out of the California Medical Facility ("CMF"). (Id. at 2, 4.)

////

////

4

Plaintiff again describes attempts by "CCI Berlin" to make him take the "COMPAS test.[1]" He appears to feel he is being singled out by being forced to take the test. (Id. at 2.)

Plaintiff next appears to quote an August 2014 document entitled "Non-Disciplinary Segregation Processing Procedure for Mental Health Service Delivery System Inmates." (ECF No. 36 at 3.) It specifies that Mental Health Service Delivery System ("MHSDS") participants who are placed in ad seg for non-disciplinary reasons ("NDS" prisoners) should be removed within 72 hours. Plaintiff contends Associate Warden C. Tileston informed him that he is not being classified as NDS because he failed to cooperate with the investigation into the beating by his cell-mate. (Id. at 2, 3, 5.)

He again states that he is being denied a transfer and appears to attribute that to his refusal to take the COMPAS test. (Id. at 3-4.) Plaintiff seeks release from ad seg. (Id. at 4.)

**B. Analysis**

Plaintiff again fails to state any cognizable claims. First, plaintiff is advised that he may not raise claims based on his allegations that in February 2017 he was beaten by his cellmate and then, according to prison staff, refused to cooperate with an investigation. Plaintiff filed this action in October 2016. As plaintiff was informed in the March 2 screening order, he may not bring a claim in this court until after he has fully exhausted the grievance procedures with respect to that claim. (ECF No. 26 at 5-6.) Because plaintiff filed this suit before he suffered the February 2017 beating and subsequent consequences, any claim based on those events may not be raised in this case. See 42 U.S.C. § 1997e(a).

Second, plaintiff has also been informed previously that the facts he is required to take the COMPAS test and that he was written up for failing to do so, do not state a cognizable claim under § 1983. (See Mar. 2, 2017 Order (ECF No. 26 at 5).) In any third amended complaint, plaintiff should not again attempt to raise this claim.

////

---

[1] According to the CDCR's website, COMPAS is "a research-based, risk and needs assessment tool for criminal justice practitioners to assist them in the placement, supervision, and case management of offenders in community and secure settings." See http://www.cdcr.ca.gov/rehabilitation/docs/FS_COMPAS_Final_4-15-09.pdf .

5

1    Third, claims regarding the deprivation of personal property are not cognizable under § 1983. Neither negligent or "unauthorized intentional deprivations of property give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 n. 14 (1984). A deprivation of property is only potentially cognizable if the plaintiff was deprived of his property pursuant to a prison policy or other form of authorization. For all other claims, plaintiffs have an adequate postdeprivation remedy under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Therefore, to the extent plaintiff wishes to bring a claim of deprivation of property, he may only do so by showing that he was deprived of his property based on a prison policy or other form of authorization.

Fourth, plaintiff may not assert unrelated claims against unrelated parties in the same complaint. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). A plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). In his current filings, plaintiff does not show any relationship between his contentions about his lack of NDS status, his placement in ad seg, and his refusal to take the COMPAS test.

Finally, to the extent plaintiff seeks a transfer to another prison, he is advised that he has no constitutional right to incarceration at a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam).

**CONCLUSION**

Plaintiff will be given one, final opportunity to attempt to state claims that are cognizable under § 1983. To permit the court to make that determination, and based on the instructions provided to plaintiff above and in prior orders, plaintiff must do the following in an amended complaint

6

- Plaintiff must use the complaint form provided with this order.  He should label it "Third Amended Complaint."  Plaintiff should carefully fill out the appropriate information on that complaint form.
- Plaintiff may only bring claims against more than one defendant if those claims arise out of the same events.  That means plaintiff may have to choose to raise one claim against multiple defendants or to raise more than one claim against one defendant.
- Plaintiff must only include claims that he fully exhausted through the third level of review <u>before</u> he filed his complaint in this case in October 2016.
- To describe a claim, plaintiff must:  (a) identify a person, (b) briefly describe what that person did or did not do, and (c) explain why that person's conduct violated plaintiff's constitutional rights.
- Plaintiff's amended complaint must contain any claim he wishes to bring in this case.  Plaintiff may not refer back to filings made previously.  Once an amended pleading is filed, the original pleading no longer serves any function in the case.  E.D. Cal. R. 220.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The claims raised in plaintiff's July 28 and August 1, 2017 filings are construed as a second amended complaint.  The second amended complaint is dismissed.
2. Within thirty days of the date of this order, plaintiff may file a third amended complaint on the complaint form provided with this order.
3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.
4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  November 6, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/john2492.SAC scrn

7